GEORGE H. DESROCHERS & another *vs.* JOHN BRADY.

Middlesex.    December 8, 1936. — February 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Agency*, Scope of authority.

One, contracting with an agent with no reason to believe that he was more than a special agent, was bound to ascertain the actual nature and extent of the agent's authority.

CONTRACT. Writ in the District Court of Lowell dated June 1, 1935.

The Appellate Division for the Northern District ordered vacated a finding by *Eno*, J., for the plaintiffs in the sum of $195.50, and that judgment be entered for the defendant. The plaintiffs appealed.

*A. Barlofsky*, for the plaintiffs.

*W. F. Howard*, for the defendant.

DONAHUE, J. It is not in dispute that the plaintiffs, who are partners engaged in the operation of a machine shop, furnished one hundred fifty hours of labor, including the use of machinery, in connection with the building of a "derrick" for the defendant, who conducted an automo-

bile trucking business. They furnished the labor, the value of which they here seek to recover, following a conversation with one Fazel which does not appear in the record.

A judge of the District Court of Lowell found that the price charged by the plaintiffs was reasonable, and that Fazel had apparent or ostensible authority from the defendant to have the labor in question done by the plaintiffs with the use of their machinery. He ruled as requested by the defendant that there was no evidence of the defendant personally making any contract with the plaintiffs and that the defendant did not ratify any unauthorized contract made with the plaintiffs on his behalf. He refused to give the ruling requested by the defendant: "There is no evidence that any person other than the defendant had apparent or ostensible authority to enter into contractual relations with the plaintiff on behalf of the defendant."

The trial judge found for the plaintiffs and reported his rulings and refusals to rule to the Appellate Division. On the ground that the relationship of Fazel to the defendant was in fact that of an independent contractor, the Appellate Division entered the order: "Finding for the plaintiff vacated; judgment to be entered for the defendant."

The evidence introduced at the trial warranted a finding that Fazel was, in fact, an independent contractor, since it could have been found that the defendant retained no right to control Fazel in the details involved in the work of building the derrick. *Parker* v. *Taylor*, 295 Mass. 51. *Lappen* v. *Chaplik*, 285 Mass. 65. But the actual relationship existing between them is not decisive of the rights of the plaintiffs, who rely on apparent, and not actual, authority of Fazel to employ them on behalf of the defendant. Regardless of the relationship actually existing, it is necessary to determine whether the evidence here warranted the finding that words, acts or acquiescence of the defendant justified the plaintiffs in believing that the defendant assented to their employment by Fazel. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115, 120. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179. Am. Law Inst. Restatement: Agency, § 27.

Fazel had been regularly employed by the defendant as an expert machinist and automobile repair man during a three-year period which ended June 1, 1934. During that period it was necessary for him at times to take work of the defendant to be done at the plaintiffs' machine shop because the defendant's repair shop did not have the requisite machinery, tools and equipment. The defendant never objected to his work being done at the plaintiffs' shop. In the last six months of Fazel's employment when such work was done at the plaintiffs' shop he gave to the plaintiffs a memorandum indicating that the work was being done for the defendant. The plaintiffs included these memoranda with the bills sent by them to the defendant for work done. He paid the bills thus sent to him by the plaintiffs.

Fazel's general employment by the defendant terminated on June 1, 1934. On June 21, 1934, he was asked by the defendant to repair a derrick which had broken and he replied that it could not be repaired. The defendant said that he "had a lot of work for a derrick and then asked Fazel to build a new derrick as soon as possible from plans which Fazel was to formulate." This, with an inference which might be drawn from other evidence that the defendant was to pay for the material, was all that the record discloses as to the arrangement made. Fazel began building the derrick but the defendant did not have the necessary machines in his shop "to turn out all the parts." On June 24, 1934, Fazel bought "a used rear axle assembly elsewhere and went to the plaintiff's machine shop. As a result of a conversation between Fazel and the plaintiff, the plaintiff furnished labor and use of machines in building the derrick."

The circumstances known to the plaintiffs on June 24 were significantly different from those presented when they had furnished labor and the use of their machines prior to June 1. They no longer had as a basis for a reasonable inference of Fazel's authority to bind the defendant the fact that he was in the general employ of the defendant. They knew that his prior general employment had terminated. They also knew that the only work Fazel was doing

for the defendant was the single transaction of building the derrick. There was no basis for an inference by the plaintiffs that Fazel was engaged in the continuous service of the defendant. Contrary to the practice prior to June 1, he gave the plaintiffs no memorandum indicating that the work done was to be charged to the defendant. It did not appear that any of the work done at the plaintiffs' shop prior to June 1 was comparable in character to the construction of a derrick. While the work in question was going on the defendant made two very brief visits to the plaintiffs' shop. So far as the record shows all he did was to ask Fazel "how he was getting along" and to ask one of the plaintiffs "what he thought of it" and "when it could be finished." That plaintiff testified that he never told the defendant about working on the derrick and could not say that the defendant knew he was working on the derrick.

We do not think that the plaintiffs, in the circumstances known to them in June, 1934, could reasonably draw the inference from any past or present conduct of the defendant that Fazel had authority to bind him to pay them for work done on Fazel's order in the construction of the derrick. If it can be said that any reasonable inference could have been drawn by the plaintiffs as to the relationship between the defendant and Fazel in June, 1934, it would be an inference that Fazel was a special agent for the particular transaction of building a derrick. In dealing with him as a special agent the plaintiffs could not assume that he had authority from the defendant to employ them. They were bound to ascertain the nature and extent of his authority under the special agency. *Marquandt* v. *Boston Young Women's Christian Association,* 282 Mass. 28, 30. *Cauman* v. *American Credit Indemnity Co.* 229 Mass. 278, 283. *Lovett, Hart & Phipps Co.* v. *Sullivan,* 189 Mass. 535. The plaintiffs made no inquiries either from the defendant or from Fazel as to the extent of the latter's authority.

*Order vacating finding for plaintiffs and directing*
*judgment for the defendant affirmed.*