MARCEL J. MASSE & others *vs.* SMITHERMAN COTTON MILLS, INC.

Bristol.   October 31, 1955. — December 28, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Agency*, Scope of authority or employment.   *Contract*, For construction of machine.

Changes involving substantial extras in a contract for building a machine for the proprietor of a mill, if authorized by a mechanical engineer consultant of the proprietor, were not binding on the proprietor where it appeared that the consultant was at most the proprietor's special agent whose authority the builder was required to ascertain in dealing with him, and that in fact the consultant had no authority to vary the contract.

CONTRACT.   Writ in the Third District Court of Bristol dated July 25, 1953.

The action was heard by *Potter*, J.

*Solomon Rosenberg*, for the plaintiffs.

*Philip Barnet*, for the defendant.

WILKINS, J.   The three plaintiffs are brothers, who as partners operate a machine shop in New Bedford, where the defendant's mills are.   Two counts of the declaration are now material.   Count 2 is for breach of an oral contract whereby the plaintiffs were employed by the defendant to build a cotton wrapping machine for $3,500 in accordance with plans and specifications of the defendant.   There are allegations that the plaintiffs completed the machine "in accordance with the plans and specifications as originally furnished and the subsequent directions of the defendant"; that at the defendant's direction the plaintiffs did further work and used additional materials on the machine; and that the defendant owes the plaintiffs $3,500 for construction of the machine and $3,026.98 for extras.   The third count is on a quantum meruit for work done, material furnished, and expenditures made for the defendant in the sum of $6,526.98, which is the same total as count 2.

The trial judge found for the defendant on count 2 on the express contract and for the plaintiffs on count 3 in quantum meruit in the full amount.   The Appellate Division held that there was error in finding for the plaintiffs on count 3, and ordered the entry of a finding for the defendant on that count and the entry of judgment for the defendant. The plaintiffs appealed.

We summarize the material portions of the report.   In January, 1953, the defendant had a contract with the United States government for bandages which hitherto had been folded by hand.   Salkind, the president of the defendant, consulted with one Baer, a mechanical engineer in New York, relative to having a machine built to do the work.   Baer made some plans.   Salkind then talked with the plaintiff Marcel J. Masse, told what he wanted, showed the plans, and asked for an estimate of the cost of building. Marcel was given the detailed drawings and various letters and memoranda of Baer explaining the drawings.   About a week later Marcel gave Salkind a price of $3,500 with date of completion by March 1, 1953.   There was nothing said about how or where delivery was to be made.   There was no

agreement that the machine would do what was contemplated, and Baer himself was not sure what the machine would accomplish as a practical matter. Baer wrote Salkind that changes most likely would have to be made as work went along and offered to interpret the plans and specifications during the work. There was delay from time to time and trouble in obtaining parts. Salkind and various employees of the defendant kept inquiring of the plaintiffs when the machine would be delivered. The only answer was that the plaintiffs were having difficulty in obtaining parts. These the defendant and Baer offered to assist in procuring, but the offers were not accepted.

As practical defects were discovered, the plaintiffs sought to overcome them, but as one was eliminated, another appeared. The time for completion was extended to April 1. At various times Marcel asked Baer for further explanations and instructions. On March 21 Baer and Salkind came to the plaintiffs' shop and looked over the machine. After Salkind left, Baer advised certain changes. Baer testified that he had no authority to make changes. Marcel testified that Salkind never told him that he could take orders from Baer.

The machine, when nearly completed, was tried out on March 23 with power from a compressor furnished by the defendant. After April 1, the plaintiffs, with the knowledge of the defendant, kept trying to perfect the machine. In the changes occasioned in seeking to remedy flaws and make the machine workable it was necessary to use other and more material than called for in the original plans and specifications. There was no evidence that the defendant authorized extras or had notice that the plaintiffs were performing any.[1] The machine was never delivered nor offered for delivery. There was no evidence that it was ever completed. No demand for payment was made prior to suit. In July, when Marcel was at the defendant's plant, Salkind asked

---

[1] The judge's finding to the contrary, "with the knowledge and direction of the defendant the plaintiff did furnish extra and additional labor and materials in the amount of $3,026.98," cannot stand.

about the machine, and Marcel replied that the plaintiffs were not going to bother further with custom work.

The judge stated his conclusion in these terms: "On all of the evidence I find that the plaintiff tried in good faith to build the machine experiencing as the work progressed obstacles to be overcome and trying to build a machine which would, as a practical matter, do the work contemplated by the defendant; that by reason of inability to obtain parts, interpreting the plans and specifications, it being a new invention, and as the parties did not know whether it would work as a practical matter, the plaintiff was unable to get the machine out on time. I find that the defendant knew this and waived the requirement by making inquiries after the time as fixed had expired. From all of the reasonable inferences to be drawn from the evidence and testimony I find that all of the parties realized that the machine could not operate as a practical matter as contemplated and that it did not make any difference even though frequent inquiries were made and continued to be made by the defendant after the expiration of the time when the machine was to be completed." The last sentence of the preceding quotation the Appellate Division in its opinion said was a finding, without support in the evidence, that the defendant waived the necessity of completing the machine. With that conclusion of the Appellate Division we are in agreement.

No question has been, or could be properly, made as to the correctness of the judge's finding for the defendant on the express contract. The judge granted the defendant's first request which read in part: "The plaintiffs cannot recover the amount alleged in their declaration, because the evidence shows that . . . (c) no machine was ever delivered to the defendant, acceptable to the defendant."

Bearing on the third count in quantum meruit, the judge made rulings on requests submitted by both parties. He granted the following requests of the defendant: "2. Baer was neither an employee of defendant nor under its control. 3. Even if Baer could be considered an agent of defendant,

he was only a special agent. 4. Baer had no authority to vary the contract between the parties. 5. A special agent with limited authority can bind his principal only while he acts within the scope of the power delegated to him. 6. A person dealing with a special agent is bound to inquire and ascertain the extent of his authority. 7. The burden of proof is on the person desiring to show that any particular act is within the scope of the alleged agent's employment."

The judge granted the following requests of the plaintiffs "as correct statements of law": "2. If the plaintiffs constructed the machine in accordance with the instructions of the defendant or its agent, and while the work was in progress, they were directed to make changes and to use additional labor and material, the plaintiffs are entitled to recover the agreed price for the construction of the machine, together with payment for the additional labor and material. 3. If the plaintiffs were directed by the defendant or its agent to do experimental work in an effort to make the machine operate properly, they are entitled to recover." He granted the following: "6. Salkind was fully authorized to delegate authority to Baer, to make specifications regarding the construction of the machine, and to vary the same. . . . 8. An express warranty to build the machine according to plans and specifications necessarily excludes the implied warranty that the machine would work. . . . 10. The plaintiffs were not required to deliver the machine." The judge denied the plaintiffs' seventh request, which read: "7. Baer was fully authorized to act on behalf of the defendant with regard to the construction of the machine and any changes." With respect to this the judge said, "Request no. 7 is denied and I find that while Baer drew the plans and specifications he offered to give advice relative to construction and meanings."

The effect of these rulings is that Baer was at most a special agent; and that he had no authority to vary the contract whatever might have been the authority of Salkind to delegate. In dealing with Baer as a special agent the plaintiffs were bound to ascertain the nature and extent of his

authority under the special agency.   *Desrochers* v. *Brady,*
299 Mass. 269, 272, and cases cited.   This is enough to dis-
pose of the case.   By so doing, we do not intend to negate
that the plaintiffs might also fail on the ground adopted by
the Appellate Division.   Their ground was that there was
no evidence that the machine was substantially completed,
and hence the plaintiffs failed to bring themselves within the
principle that a plaintiff who voluntarily fails to complete
work which he has contracted to perform can recover the
reasonable value to the defendant of the part performed
only when he has substantially performed the whole con-
tract and has intended in good faith to perform the whole.
See *Douglas* v. *Lowell,* 194 Mass. 268, 274.

*Order of Appellate Division affirmed.*