ROBERT E. THALIN *vs.* FRIDEN CALCULATING MACHINE CO., INC.

Suffolk.   October 8, 1958. — November 7, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Evidence,* Judicial discretion, Provisional exclusion, Of agency. *Agency,* Scope of authority or employment. *Practice, Civil,* Exceptions: general exception.

It was within the discretion of a trial judge to exclude evidence with the proviso that it might be reoffered later if its relevancy should be shown. [69]

In an action against a corporation for breach of an alleged oral contract of employment of the plaintiff, where the issues whether men with

whom the plaintiff dealt respecting the employment were agents of the defendant and whether they had actual or apparent authority to employ him were open under the declaration and the evidence on those issues was inconclusive, there was no error in admitting in evidence a "franchise agreement" between the defendant and one of the men for the purpose of showing that they were merely independent dealers with no actual authority to employ the plaintiff on its behalf, even though the plaintiff had no knowledge of the agreement. [69–71]

A purported general exception to a substantial portion of a charge to a jury set forth in the record was overruled where the record did not show that the excepting party pointed out the alleged error precisely and clearly to the trial judge. [72]

CONTRACT. Writ in the Superior Court dated September 14, 1955.

The action was tried before *O'Connell, J.*

*Richard J. Bennett,* (*Adolph J. Kissell, Jr.,* with him,) for the plaintiff.

*George N. Hurd, Jr.,* (*James W. Noonan* with him,) for the defendant.

CUTTER, J. This is an action of contract based upon alleged breaches of a contract, said to have been made on January 12, 1952, of employment of the plaintiff by the defendant (hereinafter called Friden) as salesman in a specified territory. At the trial an auditor's report and other evidence were before the jury, who found for the defendant. The bill of exceptions purports to present for consideration exceptions relating to evidence, to a comment of the judge, to the denial of a request for a ruling, and to a portion of the judge's charge.

The plaintiff's somewhat confused testimony was to the effect (1) that on January 12, 1952, he entered into an oral contract with one Davis and one Bergstrom for permanent employment as salesman of Friden calculating machines in an exclusive sales territory in southeastern Massachusetts that would yield him, on a salary of $60 per week plus a ten per cent commission, at least $6,000 a year net after expenses which the plaintiff was to pay; (2) that methods of conducting business and the sign "Friden Calculating Machine Agency" in the Boston office occupied by Davis and Bergstrom led him to believe that he was being em-

ployed by Friden; (3) that adjustments and changes were made in his territory without his consent from time to time; (4) that he never did earn $6,000 a year net; and (5) that he was damaged by the breach of various assurances made to him at the time of signing a written contract of employment with Friden on September 9, 1953. There was other testimony that, at this time, the plaintiff's compensation was placed upon a twenty per cent commission basis. The written contract of September 9, 1953, was terminable by either party on notice and required the plaintiff to "devote his time . . . to duties as may be assigned to him by" Friden.

The defendant, among other things, contended at the trial (1) that any hiring of the plaintiff in January, 1952, was by Bergstrom doing business under the name of "Friden Calculating Machine Agency" as an independent contractor; and (2) that Bergstrom lacked authority, either actual or apparent, to hire the plaintiff as Friden's employee.

1. The trial judge excluded a question to the plaintiff as to his state of mind at the time he sought employment in his conference in January, 1952, with Davis and Bergstrom, but told counsel that the witness could be brought back to state "his understanding of the" oral agreement then made, if any question "of agency . . . of Davis or Bergstrom" should be raised. The plaintiff did not reoffer the evidence. It was within the discretion of the trial judge to exclude the evidence provisionally and to place the burden on the plaintiff to reoffer the excluded evidence after it had been shown to be relevant. *Donahue* v. *Kenney*, 330 Mass. 9, 11–12.

2. The plaintiff claimed exception (a) to the refusal of the trial judge to strike out a portion of the auditor's report describing the "franchise" agreement under which Bergstrom was granted by Friden "the . . . exclusive· franchise for Friden . . . machines" in the Boston area and most of southern Massachusetts, and (b) to the admission of the franchise agreement in evidence. The agreement, of course, tended to show the actual arrangement between Friden and Bergstrom, but its contents were not known to the plaintiff and were not mentioned to him by Davis or Bergstrom.

The plaintiff in January, 1952, dealt in respect of employment only with Davis and Bergstrom. The plaintiff thus had the burden of showing that the alleged employment of the plaintiff for life, testified to by the plaintiff, was within some actual authority given to Davis and Bergstrom by Friden or that Friden had so conducted itself as to give them apparent authority to employ the plaintiff for life, notwithstanding the facts that rarely (a) would such authority be expressly given to any corporate officer even in a specific case, or (b) would circumstances exist which would give rise to apparent authority, of even a principal corporate officer, to employ another for life. *Braden* v. *Trustees of Phillips Academy*, 321 Mass. 53, 55. *Simonelli* v. *Boston Housing Authy.* 334 Mass. 438, 440–441. See *Chesapeake & Potomac Tel. Co.* v. *Murray*, 198 Md. 526, 531–532, and note 28 A. L. R. 2d 929, 932.

The plaintiff contends, nevertheless, that it was error to permit proof of the franchise agreement, which was not disclosed to him, and that his contention, that Friden had clothed Davis and Bergstrom with apparent authority (Restatement 2d: Agency, §§ 8, 8A, 27, 64) to act for Friden, made irrelevant evidence of the actual authority, if any, given to them. On the present record any evidence that Friden held out Davis and Bergstrom at all as agents was inconclusive, if not entirely inadequate (see *Simonelli* v. *Boston Housing Authy.* 334 Mass. 438, 440–441), and left it uncertain whether the agency, if one existed at all, was special or general. See Restatement 2d: Agency, §§ 161, 161A. See also *Cauman* v. *American Credit Indem. Co.* 229 Mass. 278, 283; *Desrochers* v. *Brady*, 299 Mass. 269, 272; *Masse* v. *Smitherman Cotton Mills, Inc.* 333 Mass. 374, 378–379. Cf. *Neilson* v. *Malcolm Kenneth Co.* 303 Mass. 437, 440. Certainly there was no such evidence of general agency, or of present or past holding out, as in cases like *Crawford* v. *Moran*, 168 Mass. 446, 448–449, *Ryan* v. *Charles E. Reed & Co.* 266 Mass. 293, 301–302, *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Assn.* 290 Mass. 235, 237–238, and *Alfred J. Silberstein Inc.* v. *Nash*, 298 Mass. 170, 172–173.

The case is also distinguishable from decisions like *Short Mountain Coal Co.* v. *Hardy*, 114 Mass. 197, 213, and *Boston Food Prod. Co.* v. *Wilson & Co.* 245 Mass. 550, 560. In each of those decisions, holding that it was not error for a trial judge to exclude evidence of a limitation upon an admitted agent's authority not disclosed to the plaintiff, it was clear (a) that some general agency relationship existed, and (b) that the circumstances warranted a finding that the particular defendant had so conducted its affairs as to clothe its agent with adequately wide apparent authority. See *McCarthy* v. *Brockton Natl. Bank*, 314 Mass. 318, 323–324. Cf. *Brooks* v. *Shaw*, 197 Mass. 376, 380.

In any event, in the present case, the decisions just cited are not controlling. The declaration alleged that the plaintiff "entered into a contract of employment with the defendant corporation, its agents or its servants." The plaintiff, under this declaration, could attempt to prove that Davis and Bergstrom had actual authority from Friden to employ him. It was accordingly proper for Friden to prove by the franchise agreement, the best evidence of the actual relationship, that Davis and Bergstrom, with whom the plaintiff dealt, were not Friden's agents at all but merely independent dealers or contractors. See *Potter* v. *Aiden Lair Farms Assn.* 225 Mass. 97, 99. The issue whether any agency existed was open under the declaration. The franchise agreement and the auditor's findings with respect to it were properly admitted.

3. The plaintiff claimed an exception to a remark of the trial judge during the trial, made in the course of an effort to fix some date. The remark indicated that there were two contracts, as, indeed, the evidence tended to show. The bill of exceptions insufficiently reveals the context of the remark or the evidence to which it was related, either to indicate that the remark was prejudicial or to enable us to pass upon its propriety or relevance.

4. The trial judge refused to give a ruling requested by the plaintiff that the plaintiff "cannot be bound by any secret agreement pertaining to his contract of employment which

he had no knowledge of during his term of employment." The judge might properly have declined to give the instruction because of its ambiguity as, for example, in such matters as the use of unexplained and indefinite terms like "secret agreement" and "bound." Furthermore, if it be assumed that "secret agreement" refers to the franchise agreement, the jury might not believe, or might find inconclusive, the evidence relied upon by the plaintiff to show that Davis and Bergstrom were Friden's agents and had apparent authority from Friden to employ the plaintiff. In that event the terms of the actual arrangement in the franchise agreement between Friden and Bergstrom would determine the scope of the latter's authority. The instruction could not be given in the form in which it was submitted.

5. The bill of exceptions sets forth an extract from the charge, covering about three pages of the printed record, in which the judge dealt with several aspects of the case. The record, except by implication, shows no saving of an exception to this portion of the charge. Even if, which we doubt, it can be said that any exception was saved to the charge (see *Commonwealth* v. *MacGregor*, 319 Mass. 462, 463), nothing in the bill of exceptions shows that the plaintiff pointed out to the trial judge the alleged errors in the charge with sufficient precision and clarity to enable him to understand, let alone correct, the supposed error. *McKnight* v. *Red Cab Co.* 319 Mass. 64, 66–67.

*Exceptions overruled.*