MARSHALL F. STOCKWELL & another *vs.* TOWN OF
EAST LONGMEADOW
(and two companion cases[1]).

Hampden.    May 8, 1964. — June 25, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* New trial, Charge to jury. *Negligence,* Water pipe.
*Municipal Corporations,* Waterworks, Liability for tort.    *Damages,* For
tort.

That the trial judge in an action did not file the statement required by
G. L. c. 231, § 128, of the ground of allowance of a motion for a new
trial until several days after the entry of the order allowing it did not
invalidate the allowance.    [695–696]
Evidence in actions by householders against a town operating a water-
works for damage to the foundations of the plaintiffs' houses by water
flowing from a break in a main warranted findings of the existence and
extent of damage attributable to negligence of the employees of the
town's water department in dealing with the situation created by the
break after they had been notified of trouble.    [696]
There was no merit in an exception to failure of the trial judge in an
action to amplify his charge on a certain point where the excepting
party's request for amplification was obscure and not reasonably cal-
culated to direct the judge's attention to that point.    [697]

THREE ACTIONS OF TORT.    Writs in the Superior Court
dated November 7, 1956.

The actions were tried before *Barron, J.*    Following the
allowance of motions for a new trial, the second trial was
before *Brogna, J.*

*Joseph R. Jennings,* Town Counsel, for the defendant.
*John H. Madden, Jr.,* for the plaintiffs.

CUTTER, J.    These are three actions of tort to recover
damages for injury to the foundations of the plaintiffs'
houses alleged to have been caused by the town's negligent
delay in locating, shutting off, and repairing a leak in a

[1] Anthony M. Makara & another *vs.* Town of East Longmeadow and John E.
Lindwall & another *vs.* same.

town water main. At a first trial, the town had a verdict in each case. Upon a motion filed by each plaintiff for a new trial, the trial judge indorsed, "June 3, 1960, heard and allowed." Counsel for the town received notice of this action on June 6 and filed a claim of exceptions in each case on June 7, 1960. On June 9, 1960, the trial judge filed in the clerk's office a document entitled, "Memorandum of Decision on Motion for a New Trial," which read, "The [c]ourt at the hearing of the motions for new trial allowed the new trials for the following reason: the verdict was clearly against the weight of the evidence."[2] The defendant's first bill of exceptions also attempts to present the question whether, as matter of law, the evidence on certain issues was sufficient to warrant verdicts for the plaintiffs so that there would be basis for the granting of a new trial.

At a new trial there was a verdict in each case for the plaintiffs. The town excepted to the judge's failure to expand his charge in respect of the town's liability in the event that the jury should find that its negligence was a contributing cause of the injury to the plaintiffs' property.

At the first trial there was evidence of the following circumstances. Each plaintiff lives in one of three adjoining houses on the same street in East Longmeadow. On November 26, 1955, between 10:30 p.m. and 11 p.m. the Stockwells heard in their cellar the sound of running water. A large crack appeared in one wall of their house. Stockwell called in two neighbors, including Lindwall (see fn. 1). The neighbors had heard similar sounds. About 11:30 p.m. the police were notified. About midnight two police officers came to the Stockwell house and departed to get the water department superintendent. He arrived about 1 a.m. on the 27th and investigated the noises. He or an associate closed water line valves at one end of the street and partly closed the valve at the other end of the street, "reducing the volume of water but not the water pressure." Tests

---

[2] Examination of the original motions (see G. L. c. 231, § 135, as amended through St. 1960, c. 171) shows that one of the grounds asserted for a new trial in each motion was that the verdict was against the weight of the evidence.

then made produced no proof of a water line leak. The sound of running water in Stockwell's cellar could still be heard at 2:30 a.m. when the water department representatives departed.

During the morning the department made further investigations and about noon a broken water main was discovered. Considerable damage was done to the plaintiffs' houses "as a result of the settling of earth beneath their foundations." The Stockwell cellar floor was at an elevation one foot higher than that of the water line break. The Lindwall cellar floor was four feet, and the Makara (see fn. 1) cellar floor was six feet, above the break. There was testimony by each plaintiff and by a "contractor engaged by them as to the extent of the damage to their . . . [houses] from the undermining of foundations." The damage to the Lindwall house was first noticed on November 27 about noon, and that to the Makara house was first noticed about 11 a.m. on the 27th. One large crack in the living room of the Stockwell house was noticed between midnight and 1 a.m. on the 27th, before the department's employee arrived. Stockwell, earlier that night, had "heard sounds as if his house was cracking." Cracks in the cellar were observed that same night. More damage to the Stockwell house was discovered on the morning of the 27th and later that day.

1. The town contends that the plaintiffs' motions for new trials were never in fact allowed because the first trial judge failed to comply with G. L. c. 231, § 128 (as amended through St. 1945, c. 578, § 2),[3] by reason of her failure, at the time of her original action, to "file a statement setting

---

[3] Section 128, as so amended, reads in part, "Whenever a verdict is set aside and a new trial granted under section one hundred and twenty-seven, the justice granting the motion for the new trial shall file a statement *setting forth fully the grounds upon which the motion is granted,* which statement shall be a part of the record of the case . . ." (emphasis supplied). Section 127, referred to in § 128, reads in part, "The court may, at any time before judgment, set aside the verdict in a civil action and order a new trial for any cause for which a new trial may by law be granted; but a verdict shall not be set aside except on written motion by a party to the cause, *stating the reasons relied upon in its support,* filed and heard after notice to the adverse party according to the rules of the court . . ." (emphasis supplied).

forth . . . the grounds upon which the motion [for a new trial] is granted.'' On June 9, 1960, she did file such a statement (which would have been adequate if filed with her original action on June 3, 1960). We think that this delayed filing of the statement was adequate. See *Mergenthaler Linotype Co.* v. *Clerkin, post,* 765, where such a statement, filed by the trial judge at the direction of this court after the case had reached this court on exceptions, was held to constitute compliance with § 128. The brief delay in filing the statement (in the present case), although not good practice, did not invalidate the allowance of the motions. It is not contended (see fn. 2) that the judge granted the motions on a ground not stated in the motions for new trials, as in *Wright* v. *Apikian,* 270 Mass. 302, 304–305.

2. The town argues, in effect, that there was insufficient evidence at the first trial of the extent of any damage to the houses, conceivably attributable to the town's alleged negligence, to warrant any recovery, and that, accordingly, no new trial should have been granted. If the department representative could have been found to have been negligent in failing to shut the water off completely at the ends of the street early in the morning of the 27th, then the evidence of the extent of the damage suffered thereafter was sufficient to warrant findings of subsequent damage to each house. See *Bond Pharmacy, Inc.* v. *Cambridge,* 338 Mass. 488, 492–493. The only exception is to the granting of the motions for new trials. We cannot say as matter of law that the evidence at the first trial would not have warranted some recovery for each plaintiff. No abuse of discretion in granting the motions has been established.[4]

---

[4] There was also no absence of proof at the first trial that the town would be liable for any negligence of the water department. The evidence concerning the investigation and repair of the water leak by the town authorities and that the water served the dwellings in the neighborhood was sufficient to warrant an inference that the town was there engaged in the commercial distribution of water with the consequence that it would be liable for its negligence in the course of that distribution. See *Sloper* v. *Quincy,* 301 Mass. 20, 23–24; *D'Urso* v. *Methuen,* 338 Mass. 73, 74.

3. The only exception argued by the town with respect to the second trial relates to the failure of the judge "to extend his charge to cover more clearly the subject of what might reasonably have been foreseen by the . . . [town's] employees to be a consequence of only partly shutting off one of the valves" at one end of the street on the morning of November 27. The judge's charge was complete and clear and we do not suggest that the judge was required to charge more fully upon the subject of the foreseeability, in the early morning of November 27, of the property damage which later occurred. Even if it be assumed, however, that such an expansion of the charge would have been appropriate, there was no error. The request for amplification of the charge was obscure and was not reasonably calculated to bring to the judge's attention the point upon which expansion of the charge was desired. See *Connelly* v. *Fellsway Motor Mart, Inc.* 270 Mass. 386, 391; *McKnight* v. *Red Cab Co.* 319 Mass. 64, 66–67; *Thalin* v. *Friden Calculating Mach. Co. Inc.* 338 Mass. 67, 72.

*Exceptions overruled.*