*Northern District*
No. 5939
**HARRY TENNENBAUM**
v.
**JORDAN MARSH COMPANY**
Filed September 9, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District. No. 4787 of 1963.

*Connolly, J.* This is an action of contract to recover certain severance pay which the plaintiff alleges is owing him under a term of a contract which he entered with the

defendant on or about *March of* 1946. The plaintiff alleges that under his contract he agreed to devote his best efforts to being a salesman in the shoe department of the defendant's place of business and that the defendant, in consideration of this promise, undertook to pay him a certain salary and in addition promised to pay him upon his discharge a sum equal to one week's salary, *at the rate the plaintiff was being paid at the time of his discharge, for each year of his employment.*

The plaintiff further alleges that he had faithfully performed all of his obligations under the contract until he was discharged on or about *November of* 1962, and that the defendant refused to pay the plaintiff the said severance pay allegedly owing to him. The plaintiff alleges that at the time of his discharge, he was earning $70.00 per week and that the defendant owes the plaintiff the sum of $1225.00 together with appropriate interest thereon.

The answer is a general denial and further sets forth the statute of frauds as a defense. The defendant answers that if it ever entered into any agreement with the plaintiff concerning his employment, such agreement is unenforceable by reason of the statute of frauds since such agreement was oral and by its terms was not to be fully performed within one year from the making thereof and neither said agreement nor any note or memorandum thereof was ever made in writing and

subscribed by the party to be charged therewith or its lawful agent.

*At the trial, there was evidence tending to show:*

The plaintiff was hired on or about May of 1946 as a full time shoe salesman in the basement shoe store of the defendant's place of business in Boston, Massachusetts. The only testimony as to the making of the contract and the terms thereof was that of the plaintiff. He testified that someone in the defendant's employ agreed to hire him on a specified commission basis and, in addition, promised to pay him an amount equal to one week's salary for each year which he worked for the defendant if his services were terminated. The plaintiff testified that this agreement was made at the time of his interview with someone representing Jordan Marsh Company in the Personnel office and that he came to work approximately one week after the agreement was made, pursuant to the said agreemnt, and on the agreed commission basis.

There was conflicting evidence as to the quality of the plaintiff's services.

*There was evidence from the defendant that* no employee or agent of the defendant was authorized to make any contractual agreement with a prospective employee with respect to the payment of so-called severance pay. There was further evidence that on occasion, severance pay similar to that claimed by the plaintiff in this case was paid by the

defendant to employees leaving its employ but according to witnesses for the defendant, this was not as a result of an employment contract and the determination as to whether such a payment would be made was based on the merits of each individual case. No formula was consistently used to determine the amount to be paid an employee whose services were terminated, in some instances the payment being less than that claimed by the plaintiff and in many instances, no payment at all was made.

The defendant filed ten requests for rulings. The trial judge denied those numbered 1, 2, 3, 7, 9 and 10 and found the following facts:

"I find as a fact that this action is one that could have been completed within a year and therefore does not come under the provisions of the statute of frauds. I further find that a binding contract was entered into by both parties; the plaintiff carried out his agreement and was wrongfully discharged by the defendant."

There are two issues in the case—

(1)   There being no evidence of actual authority, whether the individual in the personnel office of the defendant, who hired the plaintiff, had ostensible or apparent authority to bind the defendant to the contract alleged by the plaintiff. *Broden v. Trustees of Phillips Academy,* 321 Mass. 53; *Tortorelli v. N. Y. Central Railroad,* 326 Mass. 583.

(2) Whether the contract came under the provisions of the Statute of Frauds?

The only evidence of authority to make the contract alleged by the plaintiff was to the effect that no agent or employee of the defendant had such authority. The evidence was that no such contract had ever been made with any of the employees of the defendant. There was no evidence that the defendant held out any agent or employee as possessing authority to make such a contract or that it ever knew that the one who employed the plaintiff attempted to exercise such a power. *Simonelli v. Boston Housing Authority,* 334 Mass. 438.

The plaintiff had the burden of proof to show authority to make the contract which he alleges was made. *Gurman v. Stowe-Woodward,* 302 Mass. 442-445.

But no evidence of actual ostensible or apparent authority to make the alleged contract has been offered by the plaintiff nor has he offered any evidence of ratification of the alleged contract by the defendant.

Request #9, which was denied, reads as follows:

9. Upon all the evidence a finding must be entered in favor of the defendant on the ground that the plaintiff has not sustained the burden of proof that the defendant entered into a contract with the plaintiff as alleged in the plaintiff's declaration.

Because of the foregoing, we think the denial of this request was prejudicial error.

*Simonelli v. Boston Housing Authority,* 334 Mass. 438.

■ Although it is not material in view of our finding of prejudicial error in the first issue, the trial judge was correct in ruling that the alleged contract was not within the provisions of the Statute of Frauds.

The pertinent provision of that statute (G. L. c. 259, §1) reads as follows:

1. "No action shall be brought:

. . . . . . . .

"Fifth. Upon an agreement that is not to be performed within one year from the making thereof;"

"Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

The general rule in this Commonwealth is that where an oral contract may, by its terms, be fully performed within the year, it is not unenforceable by reason of the statute although in some contingencies, it may extend beyond the year. *Martin, Inc. v. McNulty,* 300 Mass. 573.

The contract under which the plaintiff was hired would not be within the statute if by its terms the employment of the plaintiff was to begin on the date the agreement was made or on the following day for such a contract could be performed within one year. *Beaver v. Raytheon Mfg. Co.,* 299 Mass. 218.

Although the plaintiff did not begin work

under the contract until approximately one week after the contract was made, there was no evidence of the time when the employment of the plaintiff was to begin or of any reason which barred the plaintiff from starting to work immediately. It is entirely possible that he could have started work on the very day on which the contract was made. That being so, the agreement could have been performed within one year from the making thereof and for that reason would not be within the statute. *Nickerson v. Harvard College,* 298 Mass. 484.

*Because of the prejudicial error in the denial of request #9, the finding for the plaintiff is vacated and a finding entered for the defendant.*

Bernard Harmon, of Boston, for the Plaintiff.

Joseph B. Warner, Hemenway & Barnes, of Boston, for the Defendant.