CARL V. RYDMAN *vs.* DENNISON MANUFACTURING COMPANY. August 30, 1977. 1. The jury returned a verdict in favor of the plaintiff in his action for breach of an oral contract of employment. The Appeals Court decided that the defendant's motion for a directed verdict should have been granted, and they reversed the judgment. 4 Mass. App. Ct. 800 (1976). We granted further appellate review. G. L. c. 211A, § 11.

In 1959, when the plaintiff was fifty years old, he applied for and was offered a job as an engineer by the defendant company. Because of his age, he was concerned with obtaining pension benefits — which required fifteen years of service or employment until age sixty-five — from the defendant. He claims that he was assured by two of the company's officials — the personnel director, and the assistant to the head of the engineering department — that, if his work was satisfactory, he would have a job until the retirement age of sixty-five and thereby qualify for a pension. He was discharged from employment in 1970, before he qualified for pension benefits.

2. "The burden was on the plaintiff to show . . . that the contract . . . was either made or ratified by an officer or officers having authority to bind the corporation." *James F. Monaghan Inc.* v. *M. Lowenstein & Sons,* 290 Mass. 331, 333 (1935). *H.P. Hood & Sons* v. *Ford Motor Co.,* 370 Mass. 69, 77 (1976). *Lucey* v. *Hero Int'l Corp.,* 361 Mass. 569, 572-573 (1972). *Thalin* v. *Friden Calculating Mach. Co.,* 338 Mass. 67, 69-70 (1958). The only evidence on this point — the plaintiff's testimony that the personnel director stated that unidentified "officials of the company" had agreed to the terms of employment — did not meet this burden. There was uncontroverted evidence that no other employee had the sort of contract alleged by the plaintiff.

3. In many closely analogous cases, we have held that much more explicit assurances by corporate officers or agents do not bind a corporation for contracts of employment of extraordinary duration, such as the fourteen years involved here. *Porshin* v. *Snider,* 349 Mass. 653, 654-655 (1965) (general manager). *Thalin* v. *Friden Calculating Mach. Co. supra. Simonelli* v. *Boston Hous. Auth.,* 334 Mass. 438 (1956) (personnel manager and project director). *Braden* v. *Trustees of Phillips Academy,* 321 Mass. 53 (1947) (comptroller). See Annot., 28 A.L.R.2d 428 (1953). 2 W. Fletcher, Cyclopedia of the Law of Corporations § 677 (rev. perm. ed. 1974).

4. Because of the plaintiff's failure to produce evidence from which the jury could find or infer (a) that the personnel director and the engineer had implied or apparent authority to bind the defendant to a fourteen-year contract, or (b) that the defendant had ratified the alleged contract, the defendant's motion for a directed verdict should have been granted. Therefore the verdict is set aside and the judgment of the Superior Court for the plaintiff is reversed, and a verdict and judgment for the defendant are to be entered.

*So ordered.*

*John J. O'Connell* for the plaintiff.
*Charles Donelan* for the defendant.