Mulligan, J.
This is a contract action based upon a promissory note. The plaintiff asserts that the defendant has defaulted on the note and seeks damages in the amount of $2,411.14, plus reasonable attorney’s fees. The defendant has denied the default and *10 asserts certain affirmative defenses, inter alia: (1) that she was fraudulently induced to sign the note, (2) that the plaintiff is estopped by its own conduct in bringing this action and (3) that the agreement of the parties was other than as stated by the plaintiff. In addition, the defendant counterclaimed in four counts, including violation of M.G.L.c. 93A and M.G.L.c. 140c, the “Consumer Credit Disclosure Act”.
At trial, the plaintiff s treasurer and president, Clair Sullivan, testified that the defendant executed three documents (Exh. C,D,E) which constituted an agreement by which the plaintiff loaned money to the defendant to pay premiums on a life insurance policy issued by National Life Insurance Company of Vermont. The premium for the first year of the policy, 1975, was paid directly by the plaintiff to the insurance company, but Sullivan stated that the plaintiff did not pay the second year’s premium due in March 1976. [It was also admitted that the defendant paid at least $240.00 to the plaintiff in connection with the loan during 1975.]
On cross-examination, Sullivan testified that the plaintiff was not connected with the sale of the insurance policy, but that such sale was made to the defendant by one Sumner White, an independent insurance agent. Sullivan further testified that White was neither an employee nor an agent of the plaintiff. The premium financing was not sold directly, but was effected through Exhibits C,D and E, which were identified as records kept in the ordinary course of business.
On cross-examination, Ms. Sullivan was shown document “F”, which she identified as a form printed by the plaintiff. She admitted that form “F” had been supplied to White in the past, but that the form was no longer in use. She had never seen the form as executed and it had never entered the plaintiffs files. Ms. Sullivan also testified that while she had no knowledge of White being instructed to use form “F”, to the best of her knowledge he was not so instructed.
The defendant, in her case, was asked a series of questions concerning that White had told her at the sale. Objections to each question were sustained. The court refused to receive into evidence document “F” over objection.
The defendant made an offer of proof that White had told her that “F” constituted the entire agreement and that Exhibits C,D and E, none of which she read before signing, had no significance.
The defendant made an additional offer of proof that if “F” were admitted, it would show that the disclosures required by M.G.L.c. 140C were not made, that the plaintiff did not comply with the terms of “F”, which materially contradicted Exhibits C,D and E. The court found for the plaintiff in the amount of $2,677.00 which included reasonable attorney’s fees.
The issues on appeal are two-fold, but interconnected: (1) whether the trial judge erred in refusing to admit the statements made to the defendant by White and (2) whether the trial judge erred in not admitting document “F” into evidence.
The defendant, relying on M.G.L.c. 255, § 12F, which deals with what have commonly been referred to as “interlocking sales and loans” maintains that the exclusion of the crucial testimony and document precludes her from asserting certain defenses. Under this statute, if a creditor “knowingly participated in” or was “directly connected with” a consumer sale, that creditor is subject to all the defenses that the buyer could assert against the seller.
The defendant’s reliance on the statute is misplaced in this case. Assuming this to be a consumer transaction, there appears to have been sufficient connection between the creditor and the seller, such that the statute would be applicable. However, the only affirmative defenses pleaded, which could possibly be construed as assertable against National Life of Vermont, are the defense of failure of consideration and the defense of fraud in the inducement.
There is no evidence in the report upon which the court could find a failure of *11 consideration. Indeed, prior to the note being in default, the insurance premiums were paid by the plaintiff, and the policy was presumably in effect. Nor does the report contain any evidence that the defendant’s purchase of the insurance policy was in any way induced by the representations relative to the financing. In fact, the thrust of the defendant’s fraud defense seems to be directed towards the signing of Exhibits C,D and E, and not the purchase of the insurance. All the other affirmative defenses pleaded by Ms. Goldsmith sound directly against the plaintiff and not against the seller, National Life of Vermont.
The issue is one of agency. In order for the statments of White to be received as an admission, on other non-hearsay grounds, or as an exception to the hearsay rule, the defendant must necessarily establish a principal-agent relationship between the plaintiff and White at the time the statements were made. Rydman v. Dennison Manufacturing Co., 373 Mass. 855 (1977). Also, the unauthenticated document “F” would not be admissible against the plaintiff unless White was acting as the plaintiffs agent at the time of its execution.
Whether such a principal-agent relationship existed presented a question of fact for the trial judge. Robert B. Our co., Inc. v. Barnstable County Construction, Inc., et al, 78 Mass. App. Div. Adv. Sh. 24, 31; Cowan v. Eastern Racing Ass’n., 330 Mass. 135, 142 (1953); Stern v. Lieberman 307 Mass. 77, 81 (1940).
The evidence adduced at trial was conflicting on whether White was the plaintiffs agent. The president/treasurer of the plaintiff corporation testified that White was neither an agent nor an employee.
Upon a review of the reported evidence, we can not say that the trial judge was unwarranted in finding an insufficient showing of actual or apparent authority to establish the requisite agency. Therefore, the conversations and the document were properly excluded.

Report dismissed.