98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Susan G. ISLES, Plaintiff, Appellant,
v.
WHC JR./COC, et al., Defendants, Appellees.
 No. 95-2339.
 United States Court of Appeals, First Circuit.
 Oct. 17, 1996.
 
 Susan G. Isles on brief pro se.
 Francis D. Dibble, Jr., Ellen M. Randle, Carol E. Kamm and Bulkley, Richardson and Gelinas on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Three months after being hired, plaintiff Susan Isles was discharged from her position as housekeeper at the residence of William and Camille Cosby in Shelburne, Massachusetts. She responded by filing the instant action in which she claimed, inter alia, that her termination constituted: (1) sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a); (2) retaliation for the filing of a worker's compensation claim, in violation of Mass. Gen. L. ch. 152, § 75B(2); and (3) breach of contract. Upon completion of discovery, the district court rejected each of these contentions and granted summary judgment for defendants. Having reviewed the record in full, we affirm substantially for the reasons recited by the district court.
 
 
 2
 We have little to add to Judge Freedman's comprehensive analysis. As to the Title VII claim, we agree that plaintiff has failed to adduce sufficient evidence from which a reasonable jury could conclude that defendants' articulated reasons for the firing were a pretext for sex discrimination. See, e.g., Udo v. Tomes, 54 F.3d 9, 13 (1st Cir.1995). Defendants explained, on the basis of abundant evidence, that plaintiff was fired primarily because of an overly aggressive attitude and a tendency to criticize the work of others--traits that proved disruptive to staff cohesion and morale. Such concerns constitute a justifiable basis for discharge. See, e.g., Johnson v. Allyn & Bacon, Inc., 731 F.2d 64, 73 (1st Cir.), cert. denied, 469 U.S. 1018 (1984). Plaintiff's principal evidence to the contrary--a vague denial voiced during her deposition--proves insufficient to create a genuine dispute as to whether defendants' articulated reasons were pretextual. See, e.g., Kaiser v. Armstrong World Indus., Inc., 872 F.2d 512, 518 (1st Cir.1989) ("[s]ummary judgment is appropriate even in the face of conflicting evidence if the latter is insufficient to support a jury verdict in the nonmovant's favor"). Indeed, plaintiff's own written words (in the form of letters mailed to the Cosbys and to an earlier employer) only lend further credence to the concerns cited by defendants.
 
 
 3
 Plaintiff's evidence, in any event, fails to support an inference of discriminatory animus. As the district court explained, the specific factors on which she relies are of minimal probative value. For example, the male employees who allegedly received more lenient treatment in disciplinary matters were not similarly situated to plaintiff. See, e.g., Smith v. Stratus Computers, Inc., 40 F.3d 11, 17 (1st Cir.1994), cert. denied, 115 S.Ct. 1958 (1995). The alleged division of labor in the household staff entailed no disadvantage to her with respect to conditions of employment. And the alleged "breadwinner" remark was properly disregarded as hearsay. Moreover, it is undisputed that plaintiff was fired by a female, that she was replaced by a female, and that the only other household employee ever to have been discharged was a male.
 
 
 4
 As to plaintiff's claim of retaliation, what we stated in Byrd v. Bonayne, 61 F.3d 1026, 1033 (1st Cir.1995), applies as well here: "For the most part, her retaliatory discharge claim rests on the identical inferences of pretext found wanting above." Id. at 1033; accord, e.g., Grant v. News Group Boston, Inc., 55 F.3d 1, 7 (1st Cir.1995) (noting that showing of pretext is essential to retaliation claim). In any event, we agree with the district court that plaintiff's evidence fails to support the inference that Mrs. Cosby even knew of plaintiff's alleged head injury, much less that she harbored a retaliatory motive in deciding to discharge her. See, e.g., Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990) (noting that non-moving party's reliance on "conclusory allegations" and "improbable inferences" is insufficient to defeat summary judgment, even "where elusive concepts such as motive or intent are at issue") (quoted in Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir.1996)).
 
 
 5
 Finally, plaintiff's claim that she enjoyed a "lifetime" contract, terminable only for cause, is equally unavailing. As the district court explained, nothing in the comments voiced by Mrs. Adams or Mrs. Cosby could be reasonably construed under the circumstances as creating any such arrangement. See, e.g., O'Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906-07 (1993) (requiring "strong proof" and "particularly explicit expressions of intent" to establish lifetime contract); accord, e.g., Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 427 (1st Cir.1996). Nor did Mrs. Adams have the authority to commit the Cosbys to such a permanent contract. See, e.g., Simonelli v. Boston Housing Auth., 334 Mass. 438, 440-41 (1956).
 
 
 6
 Plaintiff also advances a trio of procedural challenges on appeal, each of which we reject. First, she complains of a discovery ruling restricting access to employment information concerning defendants' past and present workers. This court will intervene in such matters "only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 186 (1st Cir.1989) (quoted in Ayala-Gerena v. Bristol Myers-Squibb Co., --- F.3d ----, 1996 WL 494221, at * 2 (1st Cir.1996)). No such showing has been made. Far from being plainly wrong, the discovery order strikes us as balanced and fair. And plaintiff suffered minimal prejudice. Indeed, we note that seven of the nine excluded employees ended up being deposed, and that the payroll information sought as to such individuals would have been of negligible relevance.
 
 
 7
 Second, plaintiff challenges the court's award of costs. Her contention that the costs of depositions cannot be taxable when a case is resolved at the summary judgment stage is misplaced. See, e.g., Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434-35 (10th Cir.1990); 10 Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2676, at 341 & n. 17 (1983 & '96 Supp.); see generally Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). The district court acted within its discretion in taxing costs only with respect to those depositions on which it had relied in ruling on the summary judgment motion.
 
 
 8
 Finally, plaintiff complains of the circumstances surrounding the district court's allowance of her original attorney's motion to withdraw. As with its handling of all other aspects of the case, we think the court resolved the matter in an equitable and conscientious fashion. No discussion is required, however, inasmuch as plaintiff has not identified (and we do not discern) any legally cognizable prejudice stemming therefrom.
 
 
 9
 Affirmed.