USCA1 Opinion

 

  [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2339 SUSAN G. ISLES, Plaintiff, Appellant, v. WHC JR./COC, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Susan G. Isles on brief pro se. ______________ Francis D. Dibble, Jr., Ellen M. Randle, Carol E. Kamm and ______________________ _______________ _____________ Bulkley, Richardson and Gelinas on brief for appellees. _______________________________ ____________________ October 17, 1996 ____________________ Per Curiam. Three months after being hired, plaintiff __________ Susan Isles was discharged from her position as housekeeper at the residence of William and Camille Cosby in Shelburne, Massachusetts. She responded by filing the instant action in which she claimed, inter alia, that her termination ___________ constituted: (1) sex discrimination in violation of Title VII, 42 U.S.C. 2000e-2(a); (2) retaliation for the filing of a worker's compensation claim, in violation of Mass. Gen. L. ch. 152, 75B(2); and (3) breach of contract. Upon completion of discovery, the district court rejected each of these contentions and granted summary judgment for defendants. Having reviewed the record in full, we affirm substantially for the reasons recited by the district court.  We have little to add to Judge Freedman's comprehensive analysis. As to the Title VII claim, we agree that plaintiff has failed to adduce sufficient evidence from which a reasonable jury could conclude that defendants' articulated reasons for the firing were a pretext for sex discrimination. See, e.g., Udo v. Tomes, 54 F.3d 9, 13 (1st Cir. 1995). ___ ____ ___ _____ Defendants explained, on the basis of abundant evidence, that plaintiff was fired primarily because of an overly aggressive attitude and a tendency to criticize the work of others-- traits that proved disruptive to staff cohesion and morale. Such concerns constitute a justifiable basis for discharge. See, e.g., Johnson v. Allyn & Bacon, Inc., 731 F.2d 64, 73 ___ ____ _______ ____________________ (1st Cir.), cert. denied, 469 U.S. 1018 (1984). Plaintiff's _____________ -2- principal evidence to the contrary--a vague denial voiced during her deposition--proves insufficient to create a genuine dispute as to whether defendants' articulated reasons were pretextual. See, e.g., Kaiser v. Armstrong World ___ ____ ______ ________________ Indus., Inc., 872 F.2d 512, 518 (1st Cir. 1989) ("[s]ummary ____________ judgment is appropriate even in the face of conflicting evidence if the latter is insufficient to support a jury verdict in the nonmovant's favor"). Indeed, plaintiff's own written words (in the form of letters mailed to the Cosbys and to an earlier employer) only lend further credence to the concerns cited by defendants.  Plaintiff's evidence, in any event, fails to support an inference of discriminatory animus. As the district court explained, the specific factors on which she relies are of minimal probative value. For example, the male employees who allegedly received more lenient treatment in disciplinary matters were not similarly situated to plaintiff. See, e.g., ___ ____ Smith v. Stratus Computers, Inc., 40 F.3d 11, 17 (1st Cir. _____ _______________________ 1994), cert. denied, 115 S. Ct. 1958 (1995). The alleged ____________ division of labor in the household staff entailed no disadvantage to her with respect to conditions of employment. And the alleged "breadwinner" remark was properly disregarded as hearsay. Moreover, it is undisputed that plaintiff was fired by a female, that she was replaced by a female, and -3- that the only other household employee ever to have been discharged was a male. As to plaintiff's claim of retaliation, what we stated in Byrd v. Bonayne, 61 F.3d 1026, 1033 (1st Cir. 1995), ____ _______ applies as well here: "For the most part, her retaliatory discharge claim rests on the identical inferences of pretext found wanting above." Id. at 1033; accord, e.g., Grant v. ___ ______ ____ _____ News Group Boston, Inc., 55 F.3d 1, 7 (1st Cir. 1995) (noting _______________________ that showing of pretext is essential to retaliation claim). In any event, we agree with the district court that plaintiff's evidence fails to support the inference that Mrs. Cosby even knew of plaintiff's alleged head injury, much less that she harbored a retaliatory motive in deciding to discharge her. See, e.g., Medina-Munoz v. R.J. Reynolds ___ ____ ____________ ______________ Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (noting that non- ___________ moving party's reliance on "conclusory allegations" and "improbable inferences" is insufficient to defeat summary judgment, even "where elusive concepts such as motive or intent are at issue") (quoted in Fennell v. First Step _______ ___________ Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996)). _____________ Finally, plaintiff's claim that she enjoyed a "lifetime" contract, terminable only for cause, is equally unavailing. As the district court explained, nothing in the comments voiced by Mrs. Adams or Mrs. Cosby could be reasonably construed under the circumstances as creating any such -4- arrangement. See, e.g., O'Brien v. Analog Devices, Inc., 34 ___ ____ _______ ____________________ Mass. App. Ct. 905, 906-07 (1993) (requiring "strong proof" and "particularly explicit expressions of intent" to establish lifetime contract); accord, e.g., Smith v. F.W. ______ ____ _____ ____ Morse & Co., Inc., 76 F.3d 413, 427 (1st Cir. 1996). Nor did _________________ Mrs. Adams have the authority to commit the Cosbys to such a permanent contract. See, e.g., Simonelli v. Boston Housing ___ ____ _________ ______________ Auth., 334 Mass. 438, 440-41 (1956).  _____ Plaintiff also advances a trio of procedural challenges on appeal, each of which we reject. First, she complains of a discovery ruling restricting access to employment information concerning defendants' past and present workers. This court will intervene in such matters "only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." Mack v. Great ____ _____ Atlantic & Pacific Tea Co., 871 F.2d 179, 186 (1st Cir. 1989) __________________________ (quoted in Ayala-Gerena v. Bristol Myers-Squibb Co., ___ F.3d ____________ ________________________ ___, 1996 WL 494221, at *2 (1st Cir. 1996)). No such showing has been made. Far from being plainly wrong, the discovery order strikes us as balanced and fair. And plaintiff suffered minimal prejudice. Indeed, we note that seven of the nine excluded employees ended up being deposed, and that the payroll information sought as to such individuals would have been of negligible relevance. -5- Second, plaintiff challenges the court's award of costs. Her contention that the costs of depositions cannot be taxable when a case is resolved at the summary judgment stage is misplaced. See, e.g., Merrick v. Northern Natural Gas ___ ____ _______ _____________________ Co., 911 F.2d 426, 434-35 (10th Cir. 1990); 10 Charles ___ Wright, Arthur Miller & Mary Kane, Federal Practice and _____________________ Procedure 2676, at 341 & n.17 (1983 & '96 Supp.); see _________ ___ generally Templeman v. Chris Craft Corp., 770 F.2d 245, 249 _________ _________ __________________ (1st Cir.), cert. denied, 474 U.S. 1021 (1985). The district ____________ court acted within its discretion in taxing costs only with respect to those depositions on which it had relied in ruling on the summary judgment motion.  Finally, plaintiff complains of the circumstances surrounding the district court's allowance of her original attorney's motion to withdraw. As with its handling of all other aspects of the case, we think the court resolved the matter in an equitable and conscientious fashion. No discussion is required, however, inasmuch as plaintiff has not identified (and we do not discern) any legally cognizable prejudice stemming therefrom. Affirmed. _________ -6-