KATHLEEN O'BRIEN *vs.* ANALOG DEVICES, INC. No. 91-P-466. January 28, 1993. *Contract*, Employment.

Upon a motion for summary judgment made by the defendant Analog Devices, Inc. (Analog), a judge of the Superior Court decided that none of the materials furnished by the parties (affidavits, depositions, documents) demonstrated legal justification for the claim made by the plaintiff Kathleen O'Brien that she had been offered a job with Analog for life. We affirm.

O'Brien's initial position, as articulated in her complaint, was that employment policy handbooks made available to O'Brien contained "statements evidencing Analog's intention of long term employment for O'Brien so long as she abided with Analog rules and regulations." We have examined those manuals and they say no more than that it is company policy to reward above-average work and to encourage career development with the company.[1] Nothing in the materials could be fairly read as a binding promise of permanent employment. Rather the policies are "a hopeful encouragement sounding only in prophecy." *Hall* v. *First Natl. Bank*, 173 Mass. 16, 19 (1899). Not only is that handbook barren of language which

---

[1]For example, a welcoming note from the president of the company in its Human Resources Policies Handbook says: "It is our policy to reward our employees' above-average work with above-average wages and benefits, job security, a stimulating work environment, and opportunities for career development." A section in the handbook on career development says: "Analog Devices is committed to offering to all its employees the opportunity for personal growth and career development . . . . Whenever appropriate, promotions will be made from within the Company to advance employees to a higher and more responsible position."

could reasonably be interpreted to support a claim of lifetime employment, but also O'Brien said in her deposition that she had not read the handbook until a month or so after she had begun her job at Analog. Irrespective of the handbook's disclaimer of contractual effect, therefore, it played no role in the employment agreement between O'Brien and Analog. It is not necessary, therefore, to consider whether the employment manuals were part of O'Brien's employment contract. Compare *Jackson* v. *Action for Boston Community Dev.*, 403 Mass. 8, 13-15 (1988).

Similarly, there is no support for O'Brien's claim of lifetime employment in the letter from Analog which extends to her an offer of a job as General Accounting Supervisor. Neither that document nor O'Brien's letter in response mentions the duration of employment, a circumstance from which the correct inference is an arrangement for employment at will. *Fenton* v. *Federal St. Bldg. Trust*, 310 Mass. 609, 612 (1942). *Jackson* v. *Action for Boston Community Dev.*, 403 Mass. at 9.

O'Brien's deposition makes it altogether plain that she based on Analog's employee handbook her assumption that she would be employed by Analog permanently so long as she did her work properly. Nevertheless, in an affidavit (apparently filed later than the day before the hearing on the motion for summary judgment[2] but considered by the motion judge) made by O'Brien, she states that she was instructed several times that if she performed her duties, she would always have employment with Analog. In the context of the testimony given by O'Brien previously, in which she said more than once that there had been no conversation about duration of employment and that she had relied on the employee handbook,[3] her statement in the affidavit could be disregarded both because, as the motion judge said, it was "vague, non-specific and general" and because a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition. *Perma Research & Dev. Corp.* v. *Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969). *Radobenko* v. *Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). It is not, after all, as if O'Brien had become possessed of newly acquired evidence when she made her affidavit.

The case stands unlike *Kirkley* v. *F.H. Roberts Co.*, 268 Mass. 246, 251 (1929), on which O'Brien heavily relies. In *Kirkley*, there existed a written agreement in which the employer undertook to "retain him [Kirkley] in its employ as long as he shall faithfully and diligently perform the duties of his employment." Nothing resembling such a writing appears in this case. Since the time of the *Kirkley* opinion, with its distinctive facts, there has been a line of decisions emphasizing that a lifetime contract is so extraordinary that it takes strong proof to establish one. See *Braden* v.

---

[2] See Mass.R.Civ.P. 6(c), 365 Mass. 748 (1974).

[3] It is less than clear from her testimony whether O'Brien relied on two handbooks or one handbook, but nothing turns on that.

*Trustees of Phillips Academy*, 321 Mass. 53, 55 (1947); *Simonelli* v. *Boston Hous. Authy.*, 334 Mass. 438, 440 (1956); *Thalin* v. *Friden Calculating Mach. Co.*, 338 Mass. 67, 70 (1958); *Porshin* v. *Snider*, 349 Mass. 653, 654-655 (1965). To be sure, these cases turned largely on whether authority existed to make a lifetime contract on behalf of a corporation, but the court repeatedly sounds the theme that particularly explicit expressions of intent are required to bind an employer to an employment contract of extraordinary duration. *Rydman* v. *Dennison Mfg. Co.*, 373 Mass. 855 (1977). As in *Gregory* v. *Raytheon Serv. Co.*, 27 Mass. App. Ct. 1170, 1171 (1989), it requires a "strenuous exercise in the self-hypnotizing rhetoric of advocacy" to inflate the commonplace statements of Analog into a lifetime contract. *Ibid.* The case illustrates in a contemporary context the observation of Justice Holmes in *Deming* v. *Darling*, 148 Mass. 504, 506 (1889), about "[h]ow easily and insensibly words of hope or expectation are converted by an interested memory into statements of quality and value when the expectation has been disappointed."

On the undisputed material facts, the motion judge correctly allowed the defendant's motion for summary judgment.

*Judgment affirmed.*

*Daniel J. Harrington* for the plaintiff.
*Joan A. Lukey* for the defendant.