Lopez, J.
This matter is before the Court on the motion of the plaintiff, Safety Insurance Company, for summary judgment, pursuant to Mass.R.Civ.P. 56. In its declaratory judgment action, the plaintiff seeks a binding declaration that an insurance policy issued to a corporation owned by the defendant, John Burns, does not provide bodily injury liability coverage for claims asserted against the defendants arising from an automobile accident. Safety insurance Company (“Safety”) contends that there is no genuine issue of material fact as to the absence of defense or indemnification obligations under the Safety policy in regard to those claims and that it is entitled to judgment as a matter of law.
The defendants, John and Anita Bums (“Bums”), oppose the motion for summary judgment, arguing that an issue of material fact exists as to whether the automobile involved in the accident qualifies as an “insured motor vehicle” under the terms of the Safety policy.
For their part, the defendants contend that the 1982 Honda Civic involved in the accident meets the Safety policy definition of a “temporary substitute vehicle not owned by the named insured or his spouse” and being *60 used to replace the insured motor vehicle which was out of service at that time. (Plaintiff Ex. B Definitions I (2).) In support of their contention that they are therefore entitled to liability insurance coverage for claims arising from the accident, the defendants have submitted an affidavit stating that the motor vehicle insured under the Safely policy, a Dodge Maxi-Van, was in fact temporarily out of service. (Bums Aff.)
Since that affidavit, however, allegedly contradicts the defendants’ signed answers to interrogatories, the plaintiff, in reliance on the doctrine of judicial estop-pel, moves this Court to strike the affidavit.
For the reasons discussed below, the motion of the plaintiff to strike the affidavit is allowed and the motion of the plaintiff for summary judgment is allowed.
BACKGROUND
The following facts are undisputed.
The plaintiff, Safety, is an insurance company with its principal place of business in Boston, Massachusetts.
The defendants, Burns, reside together as husband and wife in North Reading, Massachusetts.
On May 4, 1990, the defendant John Burns, while operating a 1982 Honda Civic, struck a vehicle operated by Cindy Reed. As a result of the accident, Cindy Reed collected personal injury protection benefits and uninsured motorist benefits under her own automobile insurance policy issued by The Travelers Insurance Company.
On January 7, 1992, The Travelers Insurance Company filed an action in Malden District Court against the Burnses as subrogee of its insured, Cindy Reed. (C.A. No. 9250CV40.)
At the time of the accident, there was in effect a Massachusetts Motor Vehicle Liability Insurance Policy, effective from November 3, 1989 to November 3, 1990, which was issued to a Massachusetts corporation named Burns Erection, Inc. The defendant John Burns is the owner, president, and sole director of that corporation. The only motor vehicle listed under the Insurance Policy was a 1989 Dodge Maxi-Van leased to Burns Erection.
No specific premium charge was made under the Policy for the 1982 Honda which was involved in the accident. (Ex. B.)
The Honda was purchased by Anita Bums in 1987, prior to the effective date of the Safety Insurance Policy. It was owned by Anita Burns and registered in the State of Maine.[1] Burns did not purchase automobile insurance for the Honda. (Complaint p. 4.)
The Safety Insurance Policy issued to Burns Erection, Inc. provides, inter alia, for compulsory bodily injury liability coverage (Coverage A) for “all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages to others for bodily injury, including death at any time resulting therefrom . . . caused by the ownership, operation, maintenance, control or use of the insured motor vehicle ...” (Ex. B Part I.) Coverage B of the policy provides Optional Bodily Injury Liability Coverage for damages in excess of those afforded under Coverage A. (Id.)
The Safety policy defines “insured motor vehicle” as the “motor vehicle or trailer described in this policy for which a specific premium charge is made ... or a newly acquired motor vehicle, registered in the Commonwealth of Massachusetts, ownership ofwhich is acquired during the policy period by the named insured or his spouse if a resident of the same household.” The new vehicle must either replace the listed one or be an additional vehicle also insured by the company. (Id. 1(a)(1) and (2).) The policy provides further that the insured motor vehicle can be a trailer not described in (a) of this definition, if designed for use with a private passenger motor vehicle and not being used for business purposes with another lype motor vehicle, or “a temporary substitute motor vehicle” not owned by the named insured or his spouse. The temporary substitute must be used with the permission of the owner when the listed vehicle is “withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.” (id. 1(b)(1) and (2).)
DISCUSSION
The plaintiff argues that the 1982 Honda operated by John Burns at the time of the accident does not meet any of the above definitions of an insured motor vehicle and that the defendants therefore are not entitled to either compulsory or optional bodily injury coverage under the policy. Moreover, John Burns was not the “named insured” of the Safety policy which was issued to a corporation, Bums Erection, Inc. Consequently, the plaintiff moves the Court to enter summary judgment in its favor as a matter of law.
The Supreme Judicial Court has shed new light on the burden that Mass.R.Civ.P. 56 places on the moving and non-moving parties. The party moving for summary judgment has the burden “to show by credible evidence from (its) affidavits and other supporting materials that there is no genuine issue of material fact and that (it is) entitled, as matter of law, to a judgment.” Smith v. Massimiano, 414 Mass, 81, 85 (1993), citations omitted. The opposing party “may not simply rest on his pleadings or general denials, he must ‘set forth specific facts' (emphasis added by the court) showing that there is a genuine triable issue.” Id. at 86, quoting Rule 56(e).
If the moving party fails to establish the absence of a genuine issue of material fact, his motion must be denied. Massimiano, at 86, citing Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976).
At issue in the case at bar is whether the Honda involved in the accident qualifies as a “temporary substitute motor vehicle” because it replaced the Dodge listed under the Safety policy which was temporarily withdrawn from normal use.
In Answers to Interrogatories signed by both John and Anita Bums, the insured Dodge was declared to have *61 been located at the home residence of the defendants at the time of the May 4, 1990 accident. (Intern No. 14.) Burns further declared that no repairs, service or maintenance was performed on the Dodge between the dates of April 1, 1990 and June 1, 1990, a month prior to and a month subsequent to the accident. (Intern No. 13.)
Those Answers were served upon the plaintiff on February 18, 1993. A month later, John Bums submitted an affidavit to the Court, stating under the penalties of perjury that on May 4, 1990 the insured vehicle had been “out of service” at a local garage for routine maintenance. (Bums Aff.) To support this changed position, Burns submitted a second affidavit at the summary judgment hearing held in July 1993 before this Court. In the second affidavit, an “employee of Bums Erection Corp. (sic)” stated under the penalties of perjury that on May 4, 1990, he removed a flat tire from tire Dodge, took the tire to a repair shop and then placed the repaired tire back on the vehicle. (Baril Aff.) Consequently, according to information provided by the defendants, there is no certainty as to the location and state of the insured vehicle at the time of the accident.
There is little Massachusetts case law available for guidance, but every court that has examined this issue has insisted that a parly may not raise an issue of fact by submitting a subsequent affidavit inconsistent with previous deposition testimony. O’Brien v. Analog Devices Inc., 34 Mass.App.Ct. 905, 906 (1993) (rescript), citing Perma Research & Dev. Corp. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969). Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir. 1975). See also Lowery v. Airco, Inc. 725 F.Supp. 82 (D.Mass. 1989) (holding that a party may not raise a disputed issue of fact by a sham affidavit; no direct contradiction however in the material under consideration).
Courts are reluctant to admit a contradictory affidavit when the party opposing summary judgment cannot complain of non-access to material facts or cannot claim to be offering “newly discovered” evidence. Perma, supra at 578.
While summary judgment must not be turned into a test of credibility or into a trial by affidavit and interrogatory, this Court is unwilling to allow a party to defeat the very purpose of summary judgment by the simple expedient of conjuring up newly imagined “facts.” It strains credulity that the insured Dodge could be at once at home in good repair, at a local garage for routine maintenance, and at home in disrepair.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to strike the affidavit of John Burns is ALLOWED and that the plaintiffs motion for summary judgment is ALLOWED.

The defendants claim that the Honda was originally registered in Massachusetts. (Deft. Ans. para.3.)

 In their Answer to Plaintiffs Motion to Strike, the defendants attempt to resolve this contradiction by stating that the Dodge was “out of service” at home in the morning of May 4, 1990 but that a worker came by to fix the flat tire, took it to a local tire shop (garage) and had it repaired. When Burns returned in the “P.M.,” the tire was fixed. Therefore according to the defendants, the car was at the defendants’ home the entire day and thus the Interrogatory Answer was “honest and accurate.”