Rup, J.
The defendant, James Donnelly, moves this Court to grant summary judgment on Count II of the plaintiffs complaint which alleges attorney malpractice. In support of his motion the defendant asserts that: (1) there was no attorney-client relationship between the plaintiff and the defendant; (2) the plaintiff did not rely on any advice he received from the defendant; and (3) even if an attorney client relationship existed any claim is barred by the statute of limitations.
For the reasons set forth below, the defendant’s motion is denied.
ANALYSIS
1. The Attorney-Client Relationship
The existence of an “attorney-client relationship is a question to be resolved by the trier of fact.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522, cert, denied, 493 U.S. 894 (1989). Additionally, when considering a motion for summary judgement, “all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment.” Correllas v. Viveiros. 410 Mass. 314, 316-17 (1991) citing Attorney General v. Bailey, 386 Mass. 367, 371, cert, denied sub nom Bailey v. Bellotti, 459 U.S. 970 (1970).
In the instant case, the defendant asserts that the facts are insufficient as a matter of law to establish the necessary relationship. The defendant contends that there was never an attorney-client relationship between the plaintiff and the defendant concerning any of the matters that are the subject of the plaintiffs complaint. Upon review of the depositions and affidavits in the light most favorable to the plaintiff a genuine issue of material fact appears to exist.
2. The Statute of Limitations
The applicable statute of limitations in this case is three years from the date on which the plaintiff discovered or reasonably should have discovered that he had been harmed by the defendant’s conduct. G.L.c. 260 §4; Bowen v. Eli Lilly & Co., 408 Mass. 204, 206 (1990) citing Hendrickson v. Sears, 365 Mass. 83, 83-84 (1974). In the present case, the plaintiff filed his complaint on August 26, 1993. Accordingly, if the plaintiff discovered or reasonably should have discovered that he had been harmed by the defendant prior to August 26, 1990, then the statute of limitations bars his claim.
In supporting his argument that the statute of limitations bars the plaintiff claim, the defendant contends that: (1) the plaintiff deposition clearly indicates that the plaintiff discovered that he had been harmed by the defendant no later than the Spring of 1990; and (2) the plaintiff made his affidavit dated December 15, 1994, simply to contradict his deposition testimony and, according to rule set forth in O’Brien v. Analog Devices Inc., 34 Mass.App.Ct. 905 (1993) (rescript opinion), the plaintiffs affidavit should be disregarded.
O’Brien is not applicable to the present case. O’Brien, supra, involved a case in which a plaintiff filed a “vague, non-specific and general” affidavit that contradicted the plaintiffs unambiguous deposition. O’Brien, supra at 906. In affirming the trial court’s refusal to consider the affidavit the appeals court stated that “a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition.” Id. (citations omitted); see also Morrell v. Precise Engineering, Inc., 36 Mass.App.Ct. 935 (1994) (rescript opinion).
Unlike the affidavit at issue in O’Brien, the plaintiffs affidavit is not vague. Rather, the affidavit detailed the plaintiffs understanding of his relationship with the defendant and when he realized that he had been harmed by the defendant’s conduct. Additionally, unlike O’Brien — and contrary to the defendant’s contention in this case — the depositions, when viewed in the light most favorable to the plaintiff, do not clearly indicate when the plaintiff discovered that he had been harmed by the defendant’s conduct. The plaintiffs continued declarations throughout the period from 1989-1990 that he was frustrated with the defendant do not necessarily lead to the conclusion that his action for malpractice had accrued. Finally, I am not convinced that the plaintiffs affidavit was merely an attempt to create a disputed issue of fact. Therefore, having found that the depositions to be ambiguous and the rule in O’Brien to be inapplicable, the defendant’s motion must be denied.
*557 ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be DENIED.