Butler, J.
The plaintiffs, Phyllis and Murray Kusmin (the Kusmins), purchased a home in East Falmouth, Massachusetts, and signed a note secured by a mortgage in favor of the seller, Anthony Nastasi. This note and mortgage was subsequently assigned to the defendant, Bernice Nastasi. The Kusmins bring this action alleging that the defendant is bound by the terms of an oral agreement they made with Anthony Nastasi which released them from liability under the Note. The complaint[2] seeks relief for breach of contract (Count I), promissory estoppel (Count II), fraudulent misrepresentation (Count III), and declaratory judgment (Count IV).[3]
The defendant moves for summary judgment pursuant to Mass.R.Civ.P. 56(c) on the ground that the alleged oral agreement is unenforceable under the statute of frauds. As an initial matter, the defendant asks this court to strike the affidavit of Anthony Nastasi filed in support of the Kusmins’ motion in opposition to the summary judgment motion. For the foregoing reason, the defendant’s motions are allowed.
BACKGROUND
For years, the Kusmins and the Nastasis were friends who lived on the same street in Westwood, Massachusetts. In the summer of 1987, Anthony Nastasi (Anthony) offered to sell the Kusmins a house he owned in East Falmouth, Massachusetts, because the Kusmins expressed a desire to spend more vacation time with their children. The Kusmins relied solely on Anthony’s representation concerning the house’s fair market value and agreed to buy it for $225,000.00.
The Kusmins did not finance the purchase through a commercial lending institution; instead, Anthony offered to take back a mortgage on the properly. At the closing, on November 13, 1987, the Kusmins paid Anthony $80,000.00: $45,000.00 in cash and $35,000.00 in checks. They signed the Note for $145,000.00, secured by a mortgage in Anthony’s favor. Title was transferred by way of a quitclaim deed showing a purchase price of $180,000.00— $45,000.00 less then what the Kusmins paid.
After the Kusmins took possession of the house, they spent approximately $38,000.00 remodelling the kitchen and most of the first floor. In 1988, the renovations ceased when the Kusmins began to experience health and financial problems. In October 1988, Mrs. Kusmin suffered a heart attack. In 1989, they were forced to sell the family business which was their primary source of income.
As a result of their financial uncertainty, the Kusmins could not make the payments on the Note. They discussed their situation with Anthony who agreed to cancel their obligation under the Note. In exchange, Anthony was to take back title to the house with all of the Kusmins’ improvements. The Kusmins moved all of their belongings out of the house and made their last payment to Anthony in September 1990. The house remained unoccupied for the next three years during which time the title of the house and responsibility for the house’s utilities remained ■with the Kusmins.
At the time Anthony sold the property to the Kusmins, he was still married to Bernice Nastasi (Bernice). However, in November 1988, Bernice took up residence in Las Vegas, Nevada. A year later she filed for a divorce. On April 3, 1992, a Nevada divorce judgment divided the marital assets between Anthony and Bernice and awarded the house in East Falmouth, Massachusetts to Bernice. The property, however, was in the Kusmins’ name. Therefore, on September 23, 1993, a Massachusetts probate court ordered Anthony to assign the Note and mortgage to Bernice.
Once she had possession of the Note, Bernice demanded it be paid in full. At this time, the Kusmins ordered an historical appraisal of the house and discovered that the value of the house at the time of purchase was $156,000.00 — $69,000.00 less than they paid for the house based on Anthony’s representation of the fair market value. The Kusmins then filed this action arguing that Bernice is bound by the oral agreement which released them from future obligation under the Note[4] and her demand for full payment of the Note is a breach of that agreement. The Kusmins further allege that Bernice is liable for fraud because she knew of, participated in, and benefitted from Anthony’s misrepresentations of the fair market value at the sale. Bernice moves for summary judgment and argues that the allegedly oral agreement is unenforceable under the statute of frauds.
DISCUSSION
Before this court reaches a decision on Bernice’s motion for summary judgment, it first decides her motion to strike the affidavit of Anthony Nastasi which the Kusmins submit in support of their motion in opposition to the defendant’s motion for summary judgment.
*50 In O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905 (1994), the court held that “a party cannot create a material issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition.” Id. at 906 citing Perma Research & Dev. Corp. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969); Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir. 1975). Anthony, however, is not a party to this action;[5] yet, his actions are central to the plaintiffs’ case. There is no reason, therefore, that this rule should not apply in these circumstances.
On September 11, 1992, Anthony testified at a deposition. At that time, he made no reference to a oral agreement between him and the Kusmins. In fact, according to his deposition testimony, he still considered the Note overdue. He testified that he tried to collect payments from the Kusmins “every couple of weeks or so.” He also stated that he did not own the house and wanted the Kusmins “to sell the home and give [him] the difference of the money.” Anthony contradicts this deposition testimony in an affidavit filed in support of the Kusmins’ opposition to Bernice’s current motion for summary judgment. In an affidavit dated February 22, 1994, Anthony plainly states that there was an oral modification of the Note releasing the Kusmins from their obligation.
The facts presented in this affidavit are contradictory and are not the result of Anthony’s coming to possess newly acquired evidence. See O’Brien, supra at 906. At the time of his deposition, Anthony clearly knew whether there was an oral modification of the Note. Anthony had the opportunity to disclose the oral agreement at his deposition when he was asked whether he has tried to collect payment from the Kusmins. He failed to discuss the oral agreement at that time and his subsequent affidavit gives no reason for this failure. Maddy v. Vulcan Materials Co., 737 F.Supp. 1528, 1532 (1990).
The Kusmins’ presentation of this affidavit is, at the very least, suspect given the fact that they have failed to respond to interrogatories specifically requesting information concerning Anthony’s whereabouts. In short, Anthony’s affidavit is not worthy of consideration by the court and is stricken. The defendant’s motion for summary judgment is decided as follows.
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17(1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
I. The Oral Agreement is Unenforceable Under the Statute of Frauds
The Kusmins contend they reached a new agreement with Anthony in September 1990 whereby Anthony was to take back title to the house and in exchange, discharge the Kusmins from all liability under the Note. “The right to possession of land is an interest in it, and a contract to surrender possession or to forbear for a time to exercise a right to take and retain possession is within the statute of frauds.” Montuori v. Bailen, 290 Mass. 72, 75 (1935) and cases cited. Since the oral agreement not only released the Kusmins from further obligation but provided that Anthony would take back the title and not to foreclose on the property, it is subject to the statute of frauds.
Pursuant to the statute of frauds, G.L.c. 259, §1:
No action shall be brought: . . . [u]pon a contract for the sale of lands ... or of any interest in or concerning them[,] [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorizes.
Here, there is no dispute that no written evidence of such an agreement exists. Therefore the action cannot stand. The defendant’s motion for summary judgment on Count I for breach of contract and Count IV for declaratory judgment, shall be allowed.
II. The Oral Agreement is Unenforceable Under Promissory Estoppel
In Count II of the complaint, the Kusmins attempt to enforce the oral agreement based on a theory of promissory estoppel. They allege that both Anthony and Bernice have made promises upon which the Kusmins reasonably relied to their detriment. “The basis for estoppel against setting up the statue of frauds is such change of situation or part performance by the party seeking relief as places him, in a situation which is a fraud upon him, unless the agreement is fully performed.” Andrews v. Charon, 289 Mass. 1, 5 (1935) (citation omitted).
There is insufficient evidence to enforce the oral agreement as against Bernice on a theory of promissory estoppel. The only evidence of performance is that the Kusmins vacated the house and stopped paying on the Note. Despite the Kusmins’ reliance argument, title of the house remained in their name. They continued to pay for the heat, taxes, electricity, and insurance. According to his August 3, 1994 deposition, Mr. Kusmin placed a homestead exemption on his primary residence in 1992 because at that time Anthony was his primary creditor.
*51 There is no evidence establishing that the Kusmins “changed their situation materially in reliance upon the performance of the oral agreement and in expectation of the rights to be acquired thereby." Davis v. Downer, 210 Mass. 573, 576 (1912); compare Fisher v. MacDonald, 332 Mass. 727, 729 (1955) (seeking to enforce a contract for sale, part performance sufficient where plaintiff put in possession and furnished part of purchase price). Similarly this is not a situation where “an unjust or uncónscientious injury and loss” will result if the Kusmins are denied relief. Andrews, supra at 7. Therefore, summary judgment is allowed with respect to Count II.
III. The Kusmins Cannot Maintain An Action Based on Fraud
Finally, in Count III of the complaint, the Kusmins seek damages for fraud and misrepresentation against Bernice because she knew of, participated in, and benefitted from Anthony’s fraudulent misrepresentation of the house’s fair market value at the sale. Such an action for tort as alleged by the Kusmins must be commenced “within three years next after the cause of action accrues.” G.L.c. 260, §2A.
It is an ancient and widely, if not universally, accepted principle of the law of deceit, that, where representations are made respecting a subject as to which the complaining party has at hand reasonably available means for ascertaining the truth and the matter is open to inspection, if, without being fraudulently diverted therefrom, he does not take advantage of this opportunity, he cannot be heard to impeach the transaction on the ground of the falsehoods of the other party.
Marbardy v. McHugh, 202 Mass. 148, 151 (1909). At the time of the purchase, the Kusmins made no attempt to establish the actual value of the house. “A purchase and sale for real estate is a transaction of importance and cannot be treated as entered into lightly. People must use their own faculties for their protection and information, and cannot assume that the law will relieve them from the natural effects of their heedlessness or take better care of their interests than they themselves do.” Marbardy, supra at 151. The Kusmins present no evidence that Anthony diverted them from obtaining an independent appraisal of the property.
Clearly, the fair market value of the house purchased by the Kusmins was inherently knowable in 1987. Friedman v. Jablonski, 371 Mass. 482, 486 (1976) (cause of action for deceit in the sale of real estate accrues when the buyer should have learned of the misrepresentation). This action was not commenced until November 1993, and therefore, the Kusmins’ claim for deceit is barred by the applicable statute of limitations. Accordingly, summary judgment shall enter for the defendant with respect to Count IV.
ORDER FOR JUDGMENT
For all of the foregoing reasons the defendant, Bernice Nastasi’s motion for summary judgment is hereby ALLOWED. Judgment shall enter dismissing the complaint.

his court takes the Third Amended Complaint as the operative pleading.

Count V, which sought to void the real estate sale based upon the contract’s illegality has been voluntarily dismissed with prejudice.

Pursuant to an Order from this court, the house was sold on January 21, 1994, and the proceeds of the sale were paid in trust to Bernice’s attorney, Jeffrey Baker. Bernice has filed counterclaims in this action seeking a deficiency amount resulting from the sale of approximately $90,000.00.

Despite the fact that Anthony has not been served with process, the plaintiffs continue to name him as a defendant in their court filings. See note 1, supra. The plaintiffs evidently have been in contact with Anthony since they are the parties proffering his affidavit.