Neel, J.
Defendant Thornton Associates, Inc. (“Thornton”) moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Thornton argues that plaintiff Arthur Cox’s (“Cox”) causes of action, which are based on an oral contract, are barred by the Statute of Frauds. Cox contends that his reliance on that oral contract estops Thornton from asserting the Statute of Frauds as a defense. For the following reasons, Thornton’s motion to dismiss is allowed in part and denied in part.
BACKGROUND
For purposes of this decision, the Court accepts the factual allegations of the complaint as true.
At all times relevant to this action, Cox was the president and owner of Cox Systems Group. Cox was an independent sales representative for various manufacturers and distributors of industrial products.
On November 1, 1989, Cox and Thornton entered into a contract under which Cox agreed to act as Thornton’s New England sales representative.
In June of 1990, the president of Thornton, Charles Staples (“Staples”) asked Cox to increase his efforts in selling Thornton products. Cox agreed to do so, but informed Staples that Cox’s compensation as set forth in the November 1, 1989 agreement would not sufficiently compensate him for his increased efforts. Staples told Cox that he understood Cox’s dilemma, and that he would discuss it further with Cox at a later date. Cox and Staples had several subsequent discussions regarding Staples’ request.
As a result of these discussions, Cox and Staples entered into an oral agreement in July of 1990. Cox agreed to attain the goal of $500,000 in annual sales within a three year period, and Staples agreed that Thornton would compensate Cox appropriately. Staples stated that he would “make it worth [Cox’s] while" for him to meet the increased sales goal.
Cox did in fact attain the goal of $500,000 in sales of Thornton’s products by the end of the three year period. Cox and Staples had several discussions during that time regarding Cox’s increased commissions; Staples consistently assured Cox that he would be paid adequately for his efforts.
On February 1, 1994, Cox and Thornton entered into a revised sales agreement. That agreement did not address any commissions owed to Cox as a result of his increased sales for the 1990 to 1993 period; the agreement concerned future performance only.
Thornton failed to pay Cox any increased commissions for his efforts during 1990 to 1993, and ultimately terminated the relationship on September 1, 1994.
DISCUSSION
Thornton now moves for dismissal pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For purposes of Mass.RCiv.P. 12(b)(6), the court must take the factual allegations of the complaint, as well as inferences which can be drawn from those allegations in plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiffls] can prove no set of facts in support of [their] claim which would entitle [them] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbornnier v. Amico, 367 Mass. 146, 152 (1975). A complaint is not subject to dismissal if it would support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Thornton argues that Cox’s claims are barred by the broker’s Statute of Frauds, as set forth at G.L.c. 259, §7. Thornton contends that Staples’ oral promise to Cox to “make it worth his while" for Cox to increase his sales efforts is unenforceable for lack of a sufficient writing. G.L.c. 259, §7 states in pertinent part:
Any agreement to pay compensation for service as a broker or finder . . . shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized... The provisions of this section shall apply to a contract implied in fact or in law to pay reasonable compensation . . .
Count I — Breach of Contract
Count II — Quantum Meruit
Count III — Promissory Estoppel
The first three counts of Cox’s complaint are based on breach of his oral contract with Thornton for *716 increased commissions. The parties do not dispute that Cox was a “broker” within the meaning of the statute, or that the contract between Cox and Staples (on behalf of Thornton) was in fact oral. Rather, Cox argues that his detrimental reliance on Thornton’s oral promise estops Thornton from asserting the Statute of Frauds as a defense.
There is no Massachusetts case that addresses this particular issue, although both parties have cited several cases from other jurisdictions as support for their respective positions. The Massachusetts cases that have interpreted G.L.c. 259, §7 have held that the statute should be interpreted broadly to cover disputes over commissions on oral contracts in all brokerage contexts. “Introduction in 1985 of the special business brokerage Statute of Frauds [G.L.c. 259, §7] manifested a legislative purpose to discourage claims for commission based on conversation which persons heard differently or remembered differently.” Alexander v. Berman, 29 Mass.App.Ct. 458, 462 (1990). “Indeed, apart from [the] express exceptions, we do not find in the statute any basis for concluding that the Legislature intended to obviate disputes over claimed commissions for services rendered in certain commercial brokerage contexts, but not others.” Bay Colony Marketing Co. v. Fruit Salad, Inc., 41 Mass.App.Ct. 662, 667 (1996) rev. den. 424 Mass. 1101 (1996).
Cox cites a number of cases in support of his theory that his detrimental reliance removes this case from the realm of the Statute of Frauds. All but two of the cases cited by Cox concern the sale of real estate;[1] where a buyer detrimentally relies on a seller’s oral promise to convey real estate, courts have indeed found that reliance estops the seller from claiming the Statute of Frauds as a defense. See Cellucci v. Sun Oil Co., 2 Mass.App.Ct. 722 (1974), aff'd 368 Mass. 811 (1975); see also, Hickey v. Green, 14 Mass.App.Ct. 671 (1982).
Were Cox’s case governed by c. 259, §1, as are the real estate cases he relies upon, his reliance on promissory estoppel to defeat the Statute of Frauds might have merit. Where, as here, the case falls under G.L.c. 259, §7, promissory estoppel offers no relief. Chapter 259, §7 applies not only to “any agreement to pay compensation for service as a broker or finder,” but also to “a contract implied in fact or in law to pay reasonable compensation,” i.e., to claims based upon promissory estoppel or quantum meruit.[2] Where the statute by its terms includes within its scope a claim of promissory estoppel asserted as an alternative claim to breach of contract, the legislature has effectively decreed that, as to brokers, estoppel claims will not render the statute inapplicable to oral commission contracts. It is noteworthy that, while plaintiffs in both Alexander v. Berman, supra, 29 Mass.App.Ct. 458, and Bay Colony Marketing Co. v. Fruit Salad, Inc., supra, 41 Mass.App.Ct. 662, apparently did not assert estoppel, each plaintiff alleged that he had performed under the alleged oral broker’s agreement, and each agreement was nevertheless held to be within c. 259, §7.
Count IV — Violation of G.L.c. 93A
Cox also brings a claim based on unfair or deceptive trade practices, in violation of G.L.c. 93A. Thornton having offered no persuasive basis for its dismissal, the motion to dismiss as to the 93A claim will be denied.
ORDER
For the foregoing reasons, Thornton’s Motion to Dismiss the Complaint is ALLOWED as to Counts I, II and III of the complaint, and DENIED as to Count IV.

 One of the remaining two cases, Gray v. Mitsui & Co. (USA), 434 F.Supp. 1071 (D. Or. 1977), did not concern a broker contract, but rather a contract that could not be performed within one year. The remaining case, Everett v. Brown, 321 S.E.2d 685, 689 (1984), is the only case cited by Cox dealing with a broker statute of frauds that supports his theory of estoppel. That case dealt with a real estate broker’s commission for the sale of a home. Although the broker statute of frauds in Everett included real estate brokers, the Massachusetts statute specifically excludes them.

 Claims of promissory estoppel and quantum meruit are both claims under “ a contract implied in fact or in law,” within the meaning of c. 259 §7. Cf. Loranger Construction Corp. v. E.F. Hauserman Co., 6 Mass.App.Ct. 152, 156-159 (applying earlier theory of promissory estoppel in charitable subscription cases, Massachusetts courts “purported to find consideration by the charity for the promise”; reasonable detrimental reliance is sufficient to enforce even a promise that does not meet formal requirements necessary to constitute an offer); Lonnquist v. Lammi, 240 Mass. 371, 374 (where there is no express contract, “the law implies an obligation to pay for what has been done . . .’’) Stavaridis v. Dynamic Machine Works, Inc., 1994 WL 879484 (Mass.Super.), aff'd 40 Mass.App.Ct. 1110 (1996) (same).