Fecteau, J.
Plaintiff, State Tax Auditing & Research, Inc. (STAR) brought this action against defendant, Waters Corporation (Waters) claiming that Waters failed to compensate STAR for services allegedly rendered as a “finder.” Specifically, STAR claims breach of contract (Count I), unjust enrichment (Count II), quantum meruit (Count III) and a violation of G.L.c. 93A (Count IV). Waters now moves for summary judgment on all counts, and for the reasons outlined below, its motion is ALLOWED.

BACKGROUND

The material, undisputed facts, viewed in the light most favorable to the nonmoving party, see Dasha v. Adelman, 45 Mass.App.Ct. 418, 421 (1998), are as follows. On December 19, 1997, John A. Stella, President of STAR, a New Jersey corporation, telephoned *561 Michael Brucato, Tax Director of defendant, Waters, a Delaware corporation with a principal place of business in Massachusetts, and offered to participate in Water’s collection or recovery of “probable” tax over-payments in 1996 and 1997. STAR identified these “probable” tax overpayments after unilaterally (and voluntarily) examining the State of Delaware’s public records. This was the first contact between the parties.
As part of its solicitation, on December 19, 1997, STAR also faxed a one page purported contract to Waters to execute and return. STAR offered to furnish information and services to permit Waters to recover such overpayments in return for fifty (50%) percent of any tax recovered. Waters never executed the contract.
By letter dated February 9, 1998, STAR solicited Waters for the second time, and again offered to assist Waters in obtaining a tax refund, this time, however, in return for forty (40%) percent of any tax recovered. This letter, like the last, was a one page purported contract for Waters to execute and return. Waters never executed the contract. With this letter, however, STAR also submitted four pages consisting of (1) a tax calculation sheet, which was substantially similar to the Delaware Franchise Tax instructions form provided by the State of Delaware, free of charge to taxpayers; (2) a one page reference copied from a publication of Commerce Clearing House, readily available to tax practitioners; (3) a “Facsimile Transmission Cover Sheet” that informed Waters that the tax savings could be realized using the Assumed Par Value Method and parent assets only; and (4) a Confidentiality Agreement. STAR further requested certain tax information so that it could prepare a draft tax return.
Waters never provided any information to STAR, and STAR never prepared a draft tax return. Waters subsequently filed for, and obtained, a tax refund in the amount of $173,800. Thereafter, despite being unable to identify the amount of time spent, or the hourly rate of the individuals who performed the alleged “services” to Waters, STAR made a written claim seeking forty (40%) percent or $69,520 of the refund. Waters has refused to pay STAR anything. This action followed,
Waters argues that the uncontested facts, stated above, clearly demonstrate that there was never a contract, written or oral, and that STAR never performed services for which it deserves payment. In the alternative, Waters contends that even if there was an oral contract, the Statute of Frauds bars its enforcement.

DISCUSSION

I. Standard of Review
This court grants summary judgment where there are no genuine issues of material fact, and where the summary judgment record entitles the moving parfy to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Its role is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Sup.2d 143, 146-47 (D.Mass. 1998) (Young, J.), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995).
To succeed in a motion for summary judgment, it is now well settled that the moving party must demonstrate the absence of evidence to support the non-moving party’s position. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). This maybe done by showing, as here, noncompliance with the Statute of Frauds. See McMillian v. Weinberg, Civil Action No. 98-3568, at *2 (Mass. Super. Ct. Aug. 17, 1999); Kusmi v. Nastasi, Civil Action No. 93-2517, 4 Mass. L. Rptr. 49, 50 (Norfolk Super. Ct. Aug. 28, 1995).
n. Merits of Waters’ Motion for Summary Judgment
A. Breach of Contract — Count One
Waters argues that even if there was an oral contract, as asserted by STAR, its enforcement is barred by the statute of frauds. The controlling statute, G.L.c. 259, §7 (inserted by St. 1984, c. 321) provides in relevant part that,
An agreement to pay compensation for service as a broker or finder or for service rendered in negotiating a loan or in negotiating the purchase, sale or exchange of a business . . . shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized . . . The provisions of this section shall apply to a contract implied in fact or in law to pay reasonable compensation.
(Emphasis supplied.) The introduction of this so-called “special business brokerage Statute of Frauds” manifested a legislative purpose to discourage claims, as here, “for commissions based on conversation which persons heard differently or remembered differently.” See Bay Colony Marketing Co., Inc. v. Fruit Salad, Inc., 41 Mass.App.Ct. 662, 665 n. 3, rev. denied, 424 Mass. 1101 (1996).
STAR admits that any contract was oral. It contends, however, that G.L.c. 259, §7 does not apply to its relationship with Waters, and thus a writing is not required. Specifically, STAR argues that the legislative history reveals that §7 was intended to apply only to “business brokers” and to “brokered deals,” and not (to use its words) to “finders" such as itself who “simply identify valuable information.”
“(I]n construing a statute, this court must give its words their plain and ordinary meaning according to the approved usage of language. Case of Benson, 47 Mass.App.Ct. 756, 758 (1999), quoting from Johnson’s *562 Case, 318 Mass. 741, 747 (1945). ’’Each provision of the statute is to be given some meaning, and must be construed so as to render the legislation effective, consonant with reason and common sense." Bay Colony, supra at 664-65. The court will not interpret the statute so as to render it or any portion of it meaningless. Adamowicz v. Town of Ipswich, 395 Mass. 757, 760 (1985). Further, where a statute contains the word “or,” it is given a disjunctive meaning unless the context and the main purpose of all the words demand otherwise. Bay Colony, supra at 665.
Here, the disjunctive “or” between “brokers” and “finders” suggests that the legislature considered each category of services separately. As in Bay Colony, nothing in the language of the statute, or the context in which it is used, demands or even suggests other than a disjunctive meaning here, or that it was the intent of the legislature to limit the applicability of the Statute of Frauds to “business brokers” or “brokered deals,” as STAR contends. In short, this court finds that the General Court intended §7 to apply to all “brokers or finders.” Limiting §7 to only “business brokers” or “brokered deals,” would render the term “finders” meaningless.
STAR seemingly intimates that it is not the type of “finder” envisioned by the legislature when §7 was adopted. This argument utterly lacks merit. A finder has been defined as one who “merely identifies] a business opportunity” for another. See Bonin v. Chestnut Hill Towers Realty Co., 14 Mass.App.Ct. 63, 75 (1982). Accord Black’s Law Dictionary at 646 (7th Ed. 1999) (defining finder to include not only “an intermediary who brings parties together for a business opportunity,” but also “a person who discovers an object”). This is precisely the type of “finder” STAR claims it is.
In sum, given that STAR admits that it is entitled to a “finders fee” as one who “simply identified] valuable information” for Waters, and that the Massachusetts cases that have interpreted §7 have held that it should be broadly construed, see e.g. Bay Colony, supra at 665 and n. 3, this court concludes that “finder” as used in §7 applies to STAR. Accordingly, since STAR has failed to acquire a sufficient writing regarding its employment by Waters, its contract claim (Count I) is barred, and Waters’ motion for summary judgment is ALLOWED as to that claim.
B. Unjust Enrichment and Quantum Meruit — Counts Two and Three
STAR further asserts that Waters’ alleged failure to pay it forty (40%) percent of the recovered taxes entitles it to relief under either an unjust enrichment or, in the alternative, quantum meruit theory. Notwithstanding the lack of any evidence showing how STAR is entitled to payment of anyfee for any alleged services rendered, the plain language'of G.L.c. 259, §7 makes clear that not only must “any agreement to pay compensation for services as a finder,” be in writing, but “contract[s] implied in fact or in law to pay reasonable compensation,” i.e. to claims based on unjust enrichment or quantum meruit, are barred. Since Counts Two and Three are grounded under a “contract implied in fact or in law” they must fail. See Cox v. Thornton Assoc. Inc., Civil Action No. 97-0178, 8 Mass. L. Rptr. 715, 716 (Middlesex Super. Ct. Oct. 12, 1998) (claim for quantum meruit is one under a contract implied in law); Stavaridis v. Dynamic Mach. Works, Inc., Civil Action No. 91-1276, 2 Mass. L. Rptr. 446, at 4-5 (Mass. Super. Ct. July 29, 1994), affd. 40 Mass.App.Ct. 1110 (1996) (defining quantum meruit to include recovery under unjust enrichment theory).
Waters’ motion for summary judgment as to Counts Two and Three is ALLOWED.
C. Chapter 93A — Count Four
STAR also brings a claim based on unfair or deceptive trade practices, in violation of G.L.c, 93A. In this case, STAR claims that Waters committed an unfair or deceptive act by allegedly promising to pay STAR forty (40%) percent of any tax recovered when it never intended to pay STAR anything. STAR points only to the fact that Waters has not paid anything as evidence of Waters’ alleged intention to deceive. “If this were sufficient, then all claims for breach of contract would automatically establish a concomitant” violation of c. 93A. See Stavaridis, supra at *4. More evidence is needed.
Accordingly, with respect to STAR’S claim of a G.L.c. 93A violation (Count Four), Waters’ motion for summary judgment is ALLOWED.

ORDER

It is hereby ORDERED that Waters’ motion for summary judgment is ALLOWED on all counts of STAR’S complaint.